# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

ADVANTAGE HOME HEALTH PLUS, INC.,

Plaintiff,

v.

NETSMART TECHNOLOGIES, INC.,

Defendant.

Case No.: 1:24-cv-12874

Removed from Lake County, IL
2024CH00000221

## NETSMART'S ANSWER AND COUNTERCLAIM

Defendant Netsmart Technologies, Inc., provides its answer and affirmative defenses to Count I of Plaintiff Advantage Home Health Plus, Inc.'s Verified Complaint for Injunctive and Other Relief. In accordance with Federal Rule of Civil Procedure 12(b)(6), Netsmart has separately filed a Partial Motion to Dismiss Count II of Plaintiff's Verified Complaint, which attempts to assert claims for fraudulent concealment. Finally, Netsmart asserts a counterclaim against Plaintiff to seek amounts owed under the parties' contract.

For its answer and affirmative defenses, Netsmart states:

## THE PARTIES

1. Answering paragraph 1, Netsmart admits Advantage Home Health Plus, Inc. ("Advantage") operates a Home Health Care Business located at 30 E. Scranton, Lake Bluff, Lake County, Illinois. Netsmart is without knowledge or information sufficient to form a belief as to the truth of the remining allegations in paragraph 1 and therefore denies the remaining allegations.

2. Answering paragraph 2, Netsmart admits it is a Delaware corporation. Netsmart is not certain of the parenthetical reference to "Hayes" in paragraph 2 and therefore denies the remaining allegations (to the extent Advantage has asserted an additional allegation other than

1

Netsmart's state of incorporation) in paragraph 2.

JURISDICTION AND VENUE

3.     Answering paragraph 3, Netsmart admits certain events may have taken place in the State of Illinois. Further answering, Netsmart does not object to jurisdiction of an Illinois court (particularly, this court) to hear the parties' dispute. Netsmart denies the remaining allegations in paragraph 3 not specifically admitted herein.

4.     Answering paragraph 4, Netsmart does not deny the Lake County Circuit Court may have been an appropriate state court venue for the parties' dispute; however, Netsmart has removed the matter to federal court in accordance with this Court's subject matter jurisdiction over the matter under 28 U.S.C. § 1332. Accordingly, venue is also appropriate in this court as Lake County is within the jurisdiction of the United States District Court for the Northern District of Illinois.

FACTS

5.     Answering paragraph 5, Netsmart admits Advantage provides home health services. Netsmart is without knowledge or information sufficient to form a belief as to the truth of the remining allegations in paragraph 5 and therefore denies the remaining allegations.

6.     Netsmart is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies the allegations.

7.     Answering paragraph 7, Netsmart admits it entered into a Service Subscription Agreement ("Agreement") with Advantage. Netsmart further admits that Advantage attached a copy of the Agreement to its Verified Complaint; the Agreement speaks for itself and Netsmart denies any allegation asserted by Advantage to the extent it is inconsistent with the express terms of the Agreement. Netsmart denies the remaining allegations in paragraph 7 not specifically

addressed herein.

8. Answering paragraph 8, Netsmart admits it entered into a Netsmart Revenue Cycle Management Addendum ("Billing Addendum") with Advantage and that Netsmart agreed to provide certain billing services to Advantage under the Billing Addendum. Netsmart further admits that Advantage attached a copy of the Billing Addendum to its Verified Complaint; the Billing Addendum speaks for itself and Netsmart denies any allegation asserted by Advantage to the extent it is inconsistent with the express terms of the Billing Addendum. Netsmart denies the remaining allegations in paragraph 8 not specifically addressed herein.

9. Netsmart denies the allegations in paragraph 9.

10. Answering paragraph 10, Netsmart denies that the Billing Addendum specifies that Netsmart will prepare a Notice of Admission ("NOA") for each covered service. Netsmart states the Billing Addendum speaks for itself and Netsmart denies any allegation asserted by Advantage to the extent it is inconsistent with the express terms of the Billing Addendum. Netsmart denies the remaining allegations in paragraph 10 not specifically addressed herein.

11. Answering paragraph 11, Netsmart admits it was responsible for "Claims Generation (Billing)" under the "Claims Generation, Processing and Submission" sub-heading in the table on page 8 of the Billing Addendum provided that Advantage performed its responsibilities as outlined in the preceding sub-headings in the table beginning on page 6 of the Billing Addendum. Netsmart denies the remaining allegations in paragraph 11 not specifically addressed herein.

12. Netsmart denies the allegations in paragraph 12 and subparagraphs a-g.

13. Netsmart denies the allegations in paragraph 13.

14. Answering paragraph 14, Netsmart denies there were "failures" to be discovered.

Netsmart is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies the remaining allegations.

Grounds for Injunctive Relief

15. Answering paragraph 15, Netsmart states that Advantage has withdrawn its request for temporary or permanent injunctive relief. No answer is therefore necessary on behalf of Netsmart. Further answering paragraph 15, Netsmart admits it received correspondence and an email from Advantage on September 25 and 26, 2024, and that Advantage has attached its email correspondence to its pleading. Netsmart denies the remaining allegations in paragraph 15.

16. Answering paragraph 16, Netsmart states that Advantage has withdrawn its request for temporary or permanent injunctive relief. No answer is therefore necessary on behalf of Netsmart. Further answering paragraph 16, Netsmart admits it sent a response to Advantage on October 10, 2024, that Netsmart denied Advantage's claims, that Netsmart advised Advantage that it was past due on its invoices, and that Netsmart reserved its rights to terminate the agreement. Netsmart further admits that Advantage attached the October 10, 2024, correspondence to its pleading. Netsmart denies the remaining allegations in paragraph 16 to the extent they may be inconsistent with the October 10, 2024, correspondence.

17. Answering paragraph 17, Netsmart states that Advantage has withdrawn its request for temporary or permanent injunctive relief. No answer is therefore necessary on behalf of Netsmart. Netsmart denies the allegations in paragraph 17.

18. Answering paragraph 18, Netsmart states that Advantage has withdrawn its request for temporary or permanent injunctive relief. No answer is therefore necessary on behalf of Netsmart. Further answering paragraph 18, Netsmart admits it communicated with Advantage on November 13. Netsmart denies the remaining allegations in paragraph 18.

19.     Answering paragraph 19, Netsmart states that Advantage has withdrawn its request for temporary or permanent injunctive relief. No answer is therefore necessary on behalf of Netsmart. Further answering paragraph 19, Netsmart is without knowledge and information sufficient to form a belief as to the allegations contained in paragraph 19 and therefore denies the same.

20.     Answering paragraph 20, Netsmart states that Advantage has withdrawn its request for temporary or permanent injunctive relief. No answer is therefore necessary on behalf of Netsmart. Netsmart denies the allegations in paragraph 20.

21.     Answering paragraph 21, Netsmart states that Advantage has withdrawn its request for temporary or permanent injunctive relief. No answer is therefore necessary on behalf of Netsmart. Netsmart denies the allegations in paragraph 21.

22.     Answering paragraph 22, Netsmart states that Advantage has withdrawn its request for temporary or permanent injunctive relief. No answer is therefore necessary on behalf of Netsmart. Netsmart denies the allegations in paragraph 22 and subparagraphs a-d.

23.     Answering paragraph 23, Netsmart states that Advantage has withdrawn its request for temporary or permanent injunctive relief. No answer is therefore necessary on behalf of Netsmart. Netsmart denies the allegations in paragraph 23.

24.     Answering paragraph 24, Netsmart states that Advantage has withdrawn its request for temporary or permanent injunctive relief. No answer is therefore necessary on behalf of Netsmart. Netsmart denies the allegations in paragraph 24.

25.     Answering paragraph 25, Netsmart states that Advantage has withdrawn its request for temporary or permanent injunctive relief. No answer is therefore necessary on behalf of Netsmart. Netsmart denies the allegations in paragraph 25.

COUNT I

*Breach of Contracts*

26. Answering paragraph 26, Netsmart adopts and incorporates its answers to paragraphs 1 through 25 above.

27. Netsmart denies the allegations in paragraph 27.

Answering the WHEREFORE clause of Count I of Advantage's Verified Complaint, Netsmart denies Plaintiff's request for relief and asks the Court to enter judgment in its favor on Plaintiff's claims and for such other and further relief as is just and proper under the circumstances.

COUNT II

*Fraudulent Concealment*

28. Answering paragraph 28, Netsmart adopts and incorporates its answers to paragraphs 1-27 above.

29. In lieu of answering paragraphs 29-33, and in accordance with Federal Rule of Civil Procedure 12(b)(6), Netsmart has filed a Partial Motion to Dismiss Advantage's fraudulent concealment claim. Netsmart denies that Advantage has stated a claim upon which relief may be granted for fraudulent concealment and re-states, adopts, and incorporates its statements made in its Partial Motion to Dismiss and accompanying legal memorandum. ECF Nos. 8 and 9.

Answering the WHEREFORE clause of Count II of Advantage's Complaint, Netsmart states that the Court should grant Netsmart's Motion to Dismiss Count II of Advantage's Verified Complaint based on Advantage's failure to state a claim upon which relief may be granted against Netsmart for fraudulent concealment. Further, Netsmart asks the Court to enter judgment in its favor on Plaintiff's claims and for such other and further relief as is just and proper under the circumstances. Netsmart re-states, adopts, and incorporates its statements made in its Partial Motion to Dismiss and accompanying memorandum.

<u>AFFIRMATIVE DEFENSES</u>

1.     Advantage fails to state a cause of action upon which relief may be granted.

2.     Advantage fails to state a claim upon which relief may be granted against Netsmart for breach of contract because Advantage failed to honor its obligation to perform its obligations under the Billing Addendum.

3.     Advantage fails to state a claim upon which relief may be granted and its claims are barred or limited by its own prior material breach of the Billing Addendum, including but not limited to its failure to perform its data entry obligations in a timely fashion, to verify information it provided in claims, to follow up on missing data or information that led to a rejection of claims, to deposit EFTs and check payments into its bank account in a timely fashion, to provide a log of deposits for cash posting, or to make proper payments under the Billing Addendum and the Agreement.

4.     Advantage's claims against Netsmart are barred or limited by the application of the Limitation of Liability provision in § 13 of the Agreement as well as by the Limitation on Damages provision in § 6.2 of the Billing Addendum.

5.     Advantage's claims are barred or limited by the doctrine of unclean hands or Advantage's conduct *in pari delicto* for the reasons identified in Netsmart's counterclaim below.

6.     Advantage's claims are barred or limited by its failure to mitigate its damages.

7.     Advantage's claims are barred or limited by the doctrine of waiver, laches, or estoppel.

8.     Advantage's claims or alleged damage theories are barred or limited by its own contributory negligence or comparative fault.

9.     Advantage's claims are barred or limited by its failure to provide notice of breach

and an opportunity for Netsmart to cure pursuant to § 8 of the Agreement.

WHEREFORE, Netsmart Technologies, Inc. requests this Court enter judgment in its favor on Advantage Home Health Plus, Inc.'s claims, for an award of its taxable costs, expenses, and attorneys' fees, and for such other and further relief as this Court deems just and proper.

## COUNTERCLAIM

For its counterclaim against Plaintiff/Counterclaim Defendant Advantage Home Health Plus, Inc., Defendant/Counterclaim Plaintiff Netsmart Technologies, Inc., states and alleges:

## PARTIES

1. Netsmart is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Johnson County, Kansas.

2. Advantage is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Lake County, Illinois.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Netsmart's Counterclaim under 28 U.S.C. § 1332 as well as the supplemental jurisdiction provision of 28 U.S.C. § 1367(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 and the Counterclaim is so related to Advantage's affirmative claims against Netsmart that the Counterclaim forms part of the same case or controversy under Article III of the United States Constitution.

4. Venue in this District is proper under 28 U.S.C. § 1391(b)(1) and (2) as Advantage is a resident of this District and a substantial part of the events giving rise to the claim occurred in this District.

<u>FACTUAL BACKGROUND</u>

5.      Netsmart provides electronic health record ("EHR") software solutions, services, and support to its healthcare provider clients to assist them in managing their clinical and financial data and processes.

6.      On June 28, 2021, Advantage and Netsmart entered into a Service Subscription Agreement ("Agreement") whereby Netsmart agreed to provide Advantage with software and related services to assist it in managing its patient clinical data and revenue cycle. Advantage has included the Agreement as Exhibit 1 to its Verified Complaint.

7.      The parties entered into the Netsmart Revenue Cycle Management Addendum on April 30, 2021 (the "Billing Addendum"). Under the Billing Addendum, Netsmart provided billing support services for Advantage's revenue cycle management. The Billing Addendum is subject to the terms of the Agreement. Advantage has included the Billing Addendum as Exhibit 2 to its Verified Complaint.

8.      Under the Agreement, Advantage agreed to pay Netsmart a monthly subscription fee, among other fees, as set forth in Exhibit A to the Agreement. Agreement § 6.

9.      Advantage also agreed payment was due to Netsmart within 30 days of receipt of each invoice. Agreement § 6.

10.      Advantage further agreed that it would pay invoices for Netsmart's provision of revenue cycle services under the Billing Addendum on receipt. Billing Addendum at "RCM Exhibit A."

11.      Under the Agreement, past-due/delinquent invoices are subject to a late fee equal to ten percent (10%) of the amount due, plus finance charges of 1% per month thereafter until paid in full. Agreement § 7.

12. In the Agreement, Advantage agreed it would pay all costs and expenses of collection, including attorneys' fees, that Netsmart might incur in collecting any past due amounts owed by Advantage. Agreement § 7.

13. Advantage has been behind on its payments owed to Netsmart since November 2023.

14. On April 2, 2024, Advantage agreed to a payment plan with Netsmart where it would catch up on its past-due obligations. The signed Payment Plan is attached as Exhibit A.

15. Pursuant to the Payment Plan, Advantage confirmed that it was "not disputing charges invoiced under the Agreement and included in the Payment Plan." Exhibit A.

16. Despite agreeing to make $7,658.55 payments every month, Advantage made only partial payments, with its last partial payment in August 2024, and has not caught up on its past due obligations or made a single additional payment to Netsmart.

17. Despite Netsmart's performance of its contractual obligations, Advantage has failed and refused to pay its invoices as required by the Agreement and Billing Addendum.

18. Advantage owes Netsmart an outstanding principal balance of $82,057.02 as of December 1, 2024.

<u>COUNT I – BREACH OF CONTRACT</u>

19. Netsmart incorporates paragraphs 1-18 set forth above.

20. The Software Agreement and Billing Addendum (collectively the "Agreements") are valid and enforceable contracts between Advantage and Netsmart.

21. Advantage has materially breached its contractual obligations to Netsmart by failing to pay Netsmart amounts owed under the Agreements.

22. Netsmart has performed its obligations under the Software Agreement and the

Billing Addendum.

23.     Advantage owes Netsmart a past-due principal balance of $82,057.02 as of December 1, 2024; late fees in the amount of $8,205.70 as of December 1, 2024; and finance charges in the amount of as of $6,347.94 as of December 1, 2024.

24.     Advantage will continue to owe Netsmart fees through and following the termination of the Agreement, including but not limited to at least $22,666.72 for access to the software, plus transactional fax/transmission fees.  Should Advantage fail and refuse to pay those fees, Advantage will be owed those amounts plus late fees and finance charges.

WHEREFORE, Netsmart Technologies, Inc., respectfully prays for the Court to enter judgment in its favor and against Advantage Home Health Plus, Inc. on its Counterclaim, award Netsmart Technologies Inc. damages in the principal amount of $82,057.02 as of December 1, 2024, a late fee amount of $8,205.70 as of December 1, 2024, finance charges in the amount of $6,347.94 as of December 1, 2024, future invoiced amounts plus late fees and finance charges, attorney fees and costs, and all other relief as this Court deems just and proper.

Dated: December 23, 2024                    Respectfully submitted,

By: */s/Shoshanah Shanes*
        Shoshanah Shanes (6335448)
        LATHROP GPM LLP
        190 Carondelet Plaza, Suite 1400
        Clayton, Missouri 63105
        Telephone: 314.613.2800
        Facsimile: 314.613.2801
        shoshanah.shanes@lathropgpm.com

        ATTORNEYS FOR DEFENDANT
        NETSMART TECHNOLOGIES, INC.

<u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, hereby deposes and states that she caused the foregoing **Defendant's Answer, Affirmative Defenses, and Counterclaim** to be filed via ECF on December 23, 2024, with the United States District Court for the Northern District of Illinois, and has served it on counsel who entered an appearance in the Lake County, Illinois, matter via electronic mail at the following addresses:

Jeffrey R. Rosenberg
IFMK Law, Ltd.
650 Dundee Road, Suite 475
Northbrook, Illinois 60062
Telephone: (847) 291-0200
Facsimile: (708) 621-5538
Email: jrosenberg@ifmklaw.com

/s/Shoshanah Shanes
Shoshanah Shanes